## ELIZA ROBERTSON v. A. L. MERSHON.

The bare fact that an inconsiderable portion of a settlement, or clearing, happens to extend into a section of swamp and overflowed land,—when the main body of the settlement, including the settler's dwelling, is upon land never donated to the State by the United States,—does not authorize the settler to claim the swamp and overflowed section by right of pre-emption under our State laws.

APPEAL from the District Court of the parish of Morehouse, *Richardson*, J. *Newton & Hall*, for plaintiff and appellant.   *W. H. Compton*, for defendant.

SPOFFORD, J.   The plaintiff claims a right of preference to enter the west half of section No. 17, in township 21, range 7 east, it being a part of the swamp and overflowed lands granted to the State of Louisiana by the Acts of Congress approved 2d March, 1849, and 28th September, 1850.   Her claim is grounded upon the Act of the Legislature of Louisiana approved March 17th, 1852, sec. 2, (Sess. Acts, p. 167,) as amended by the subsequent Acts of March 10th, 1853, (p. 22,) March 16th, 1853, (p. 35,) April 28th, 1853, (p. 156,) March 15th, 1855, (p. 259,) and March 19th, 1857, (p. 192.)

Her deceased husband made the "settlement" by virtue of which she sues.   She is his universal legatee, having lived with him upon the place he settled before his death, and residing upon it still.

She owns some 800 acres of land in the neighborhood, principally in section 18, which adjoins the half-section in controversy.   The dwelling house is in section 18, about a quarter of a mile from the division line between sections 17 and 18.   Neither she nor her husband ever actually resided upon section 17.   The great bulk of their "improvement" was upon another section.   The field, which they had fenced in, extended into section 17 so as to embrace four or five acres only of the last named section.   There are said to be about thirty or forty acres deadened on section 17.

Under this state of facts, and without deciding the question whether the dwelling-house of the settler must, in all cases, be upon the particular tract which he seeks to enter by preference under the Louisiana statutes cited above, we think the judgment of the District Court cannot be disturbed.

The bare fact that an inconsiderable portion of a settlement, or clearing, happens to extend into a section of swamp and overflowed land,—when the main body of the settlement, including the settler's dwelling, is upon land never donated to the State by the United States,—does not authorize the settler to claim the swamp and overflowed section by right of preëmption under our State laws.

Judgment affirmed.